**STATE of South Dakota, Plaintiff and Respondent,**

v.

**Harley E. VIGNA, Defendant and Appellant.**

No. 12066.

Supreme Court of South Dakota.

Dec. 14, 1977.

Judith A. Atkinson, Asst. Atty. Gen., Pierre, for plaintiff and respondent; William J. Janklow, Atty. Gen., Pierre, on brief.

Sidney B. Strange of Strange, Breit & Strange, Sioux Falls, for defendant and appellant.

WOLLMAN, Justice.

Defendant was found guilty by a jury on a charge of violating SDCL 23–7–3, which provides:

"No person who has been convicted in this state or elsewhere of a crime of violence shall own a pistol or have one in his possession or under his control. Violation of this section is a felony, and upon conviction thereof, such person shall be sentenced to the penitentiary for a term not to exceed three years, and in addition may be fined not to exceed two thousand dollars."

The evidence reveals that as a result of a conversation with a fellow patron in a Sioux Falls bar on the late afternoon of February 22, 1976, defendant acquired possession of a pistol, which he then proceeded to show to other patrons of the bar. In response to a call, two police officers came to the bar some fifteen minutes later and took defendant into custody.

Defendant stipulated at trial that he had been convicted of third degree burglary on September 31, 1971.

Defendant's first contention on appeal is that SDCL 23–7–3 is unconstitutional in that it punishes a person because of a prior condition or status and places him twice in jeopardy. A somewhat similar attack on the then existing Federal Firearms Act was answered as follows:

". . . Looking at the Act as a whole it is abundantly plain that in enacting it Congress was in no way interested in imposing an additional penalty upon those who at some time in the past had been convicted of a crime of violence. In the Act Congress sought to protect the public by preventing the transportation and possession of firearms and ammunition by those who, by their past conduct, had demonstrated their unfitness to be entrusted with such dangerous instrumentalities, and certainly no one can seriously contend that the test of unfitness which Congress established is irrelevant to this purpose. Surely it is reasonable to conclude that one who has been convicted of a crime of violence is the kind of a

person who cannot safely be trusted to possess and transport arms and ammunition, and the fact that he may have reformed or that in some cases the test may operate harshly, does not invalidate the test." *Cases v. United States*, 1 Cir., 131 F.2d 916, 921, cert. denied, 319 U.S. 770, 63 S.Ct. 1431, 87 L.Ed. 1718.

See also *United States v. Phillips*, 8 Cir., 432 F.2d 973.

We conclude that defendant's attack upon the constitutionality of the statute is without merit.

■ Defendant contends that third degree burglary is not necessarily a crime of violence within the meaning of SDCL 23–7–1, which provides:

".  .  . 'Crime of violence' as used in this chapter, means any of the following crimes or an attempt to commit or a conspiracy to commit any of the same, namely:  .  .  . burglary  .  .  ."

As applicable to the instant case, the crime of third degree burglary was defined in SDCL 22–32–9 as follows: *

"A person breaking or entering at any time any building within the curtilage of a dwelling house but not forming a part thereof, or any building or part of any building, booth, tent, railroad car, vessel, vehicle as defined in § 32–14–1, or any structure or erection in which any property is kept, with intent to commit larceny or any felony, is guilty of burglary in the third degree."

Defendant argues that because this statute includes types of burglary that did not involve acts of violence within the meaning of SDCL 23–7–1, his conviction may not stand in view of the fact that the state produced no evidence to show that the offense of third degree burglary for which he stood convicted at the time of his arrest on the instant charge involved an act of violence. We do not believe, however, that the legislature intended that the state be required to prove as an element of the offense defined by SDCL 23–7–3 the fact that

the underlying offense of burglary was committed in a violent manner. Rather, it seems obvious from a reading of SDCL 23–7–1 that the legislature determined that persons who have committed any of those crimes enumerated therein present such a potential hazard to the public safety that their possession of handguns should be flatly prohibited regardless of the circumstances under which those enumerated crimes were committed. Under defendant's theory, one who commits a "nonviolent" robbery by using a toy pistol would not be subject to the proscription of SDCL 23–7–3. We cannot believe that the legislature intended to so restrict the reach of the statute. Rather, we conclude that the legislature intended that the scope of the statute be broad enough to encompass the hazards posed by the possession of firearms by those whose past conduct has established that they should not be entrusted to possess such weapons. Certainly it was within the proper range of legislative discretion to include those persons who commit burglaries by means of surreptitious, nonviolent entry as well as those who commit the more aggravated degrees of the crime. We note that the current federal statute governing firearms control has recently been given a similarly broad interpretation to effectuate the intent of Congress that certain persons should not be allowed to possess weapons. See *Scarborough v. United States*, 431 U.S. 563, 97 S.Ct. 1963, 52 L.Ed.2d 582.

■ Defendant contends that the trial court erred in refusing to give what in effect would have been a jury nullification instruction. We do not agree. The trial court correctly instructed the jury that they were the sole judges of all questions of fact and the credibility of the witnesses. This was in accord with SDCL 23–44–20, which provides:

"On the trial of an indictment or information for criminal libel, the jury have the right to determine the law and the fact.

---

* We note that Ch. 158, Laws of 1976, and Ch. 189, Laws of 1977, effective October 1, 1977, made broad changes in our criminal code, but inasmuch as defendant has not suggested that these changes are material to the instant case, we deem it unnecessary to discuss them herein.

On the trial of an indictment or information for any other offense than criminal libel, questions of law are to be decided by the court and questions of fact are to be decided by the jury."

As we said in *State v. Reddington*, 80 S.D. 390, 125 N.W.2d 58, it is the duty of the jury to follow the instructions of the court. This duty flows from SDCL 23–44–21, which provides:

"Although the jury have the power to find a general verdict, which includes questions of law as well as of fact, they are bound, nevertheless, to receive as law what is laid down as such by the court."

For an extended discussion of the duty of a jury to follow the instructions of the court on matters of law see *Sparf and Hansen v. United States*, 156 U.S. 51, 15 S.Ct. 273, 39 L.Ed. 343. Defendant cites *United States v. Coffin*, 1 Cir., 416 F.2d 165, in support of his nullification argument, but we read that decision as proscribing the submission of special questions to a jury for fear that that procedure would interfere with the jury's power to return a general verdict. Whatever its application may be in cases involving First Amendment rights, and we do not intimate that the doctrine of jury nullification is properly applicable even in such cases, see G. Simson "Jury Nullification In The American System: A Skeptical View," 54 Tex.L.Rev. 488 (1976), certainly the instant case implicates no sensitive questions of free speech or the exercise of a jury's function as the arbiter of the conscience of the community.

In view of defendant's concession that his challenge to the introduction of certain rebuttal testimony does not raise a question of reversible error, we decline his invitation to promulgate guidelines regarding the procedure that the state should be required to follow in endorsing the names of rebuttal witnesses on an information.

The judgment of conviction is affirmed.

All the Justices concur.