Danny PARKS, Appellant (Defendant),

v.

The STATE of Wyoming, Appellee (Plaintiff).

No. 5134.

Supreme Court of Wyoming.

Oct. 4, 1979.

Richard G. Miller, Miller & Miller, Casper, and Robert L. Mullen, Casper, for appellant.

John D. Troughton, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., Richard Scott Rideout, Asst. Atty. Gen., and Berry F. Laws, III, Legal Intern, Office of the Atty. Gen., Cheyenne, for appellee.

Before RAPER, C. J., and McCLINTOCK, THOMAS, ROSE and ROONEY, JJ.

McCLINTOCK, Justice.

 Danny Parks was convicted by a jury of forgery under § 6–2–101, W.S.1977. The only issue raised on appeal is whether the district court erred when it failed to declare a mistrial after discovering that one of the jurors had not been summoned for jury duty. We find that it was not error to replace the disqualified juror with the alternate juror before deliberation began, and will affirm.

The defendant's trial began November 13, 1978. On that day Dennis Ross was summoned for federal jury duty. Mr. Ross inadvertently appeared at the county courthouse rather than the United States courthouse. After the deputy clerk of the county court called the roll of the jurors and Mr. Ross' name was not called, he stood up and identified himself. His name was then placed on a ballot. Subsequently, Mr. Ross' name was selected by the usual process. He was examined on voir dire by both sides and was neither challenged for cause nor peremptorily challenged. He was then seated as a juror and took the oath. After the entire jury was seated an alternate juror was selected. The alternate juror was not challenged by either side.

That afternoon the deputy clerk discovered that Mr. Ross' name did not appear on the panel of jurors for the district court. She informed the trial judge of the error and he immediately recessed the trial until the next morning.

When the trial resumed the next day the trial judge replaced Mr. Ross with the alternate juror. Throughout the first day of trial the alternate juror was seated with the rest of the jury and heard all of the evidence that was presented until the recess.

Parks contends that the failure to declare a mistrial deprived him of due process of law and of a right to a trial by jury. We disagree.

Rule 25(c), W.R.Cr.P. provides:

"(c) *Alternate jurors.*—Immediately prior to the selection of the jury, the court may direct that one (1) or two (2) jurors in addition to the regular panel be called

and impaneled to sit as alternate jurors. *Alternate jurors, in the order in which they are called, shall replace jurors who, prior to the time the jury retires to consider its verdict, become unable or disqualified to perform their duties. Alternate jurors shall be drawn in the same manner, shall have the same qualifications, shall be subject to the same examination and challenges, shall take the same oath and shall have the same functions, powers, facilities and privileges of the principal jurors. * * * "* (Emphasis added.)

Defendant argues that because Mr. Ross was never qualified as a juror he could not be properly replaced by an alternate juror as provided for by Rule 25(c). While we agree that the literal language of the rule states that a juror may be replaced if he "become[s] unable or disqualified," we find that the rule must be given a broader interpretation.

In *United States v. Goldberg*, D.C.E.D. Penn., 206 F.Supp. 394, 399 (1962), a case very similar to the case at bar, Lottie P. Robinson had been summoned as a member of the jury panel but had been excused because of illness. The clerk did not make a note of this, and upon that name being called in the course of impaneling a jury, Ida B. Robinson responded, was examined concerning her qualifications, and approved as a juror. The error was discovered after several days of trial whereupon defendant moved for mistrial. The motion was denied and the court substituted an alternate juror. Following conviction defendant filed motion attacking the denial of mistrial. The district court denied the motions, referring to the provisions of Rule 24(c), W.R. Cr.P. which at that time was identical with our Rule 25(c), W.R.Cr.P. Recognizing that there was a dearth of authority on the subject, the court primarily relied upon the ruling in *Larson v. General Motors Corporation*, 2nd Cir., 148 F.2d 319, 322 (1945), which said:

"* * * The words 'jurors who * * become unable or disqualified to perform their duties' certainly cover an ineligibili-

ty on the part of the juror that is first discovered after the trial has begun." The federal district court made this further observation:

"In any event, the defendant claims no actual prejudice and it is difficult to perceive how the Court's action did prejudice defendant's rights in any degree. The jurors who passed upon his plea were all properly qualified to serve as jurors, had been carefully examined on voir dire and found acceptable. We find no real merit in defendant's contention." 206 F.Supp. at 399.

Upon appeal the conviction was affirmed, the court of appeals also referring to the quotation from *Larson, United States v. Goldberg*, 3d Cir., 330 F.2d 30, 43 (1964), cert. den. 377 U.S. 953, 84 S.Ct. 1630, 12 L.Ed.2d 497.

We feel that a narrow interpretation of Rule 25(c), W.R.Cr.P. would defeat the purpose of the rule and we agree with the decisions in *Goldberg*. Alternate jurors are selected so that a trial can continue even if one of the jurors is unable to continue serving for any reason. There was therefore no denial of due process to the defendant.

Furthermore, as we stated in *Petersen v. State*, Wyo., 594 P.2d 978 (1979), in order to establish reversible error the defendant must show that he was prejudiced by the irregularity. Parks does not contend that the alternate juror did not listen to the evidence that was presented, that the alternate juror was unqualified to serve, or that the results of the case would have been different had Mr. Ross not been originally seated. He does claim that he exercised all eight of his peremptory challenges and was therefore prejudiced. The defendant did not exercise one of his challenges to remove Mr. Ross, nor did he challenge the alternate juror. To show prejudice the defendant is required to show that he was denied his right to a peremptory challenge because he was forced to exercise it against an unqualified juror. *Foster v. State*, 240 Ga. 858, 242 S.E.2d 600, 602 (1978).

We find that the defendant was not prejudiced.

Affirmed.