Randy LEE, Appellant (Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

No. 86–66.

Supreme Court of Wyoming.

Sept. 25, 1987.

Leonard D. Munker, State Public Defender, Julie D. Naylor (argued), Appellate Counsel, Gerald M. Gallivan, Wyoming Defender Aid Program, and Megan Olson, Student Intern, for appellant.

A.G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., John W. Renneisen, Mary B. Guthrie, Sr. Asst. Attys. Gen., and Gerald P. Luckhaupt (argued), Asst. Atty. Gen., for appellee.

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT and MACY, JJ.

CARDINE, Justice.

Randy Lee was convicted in a jury trial of six counts of delivery of a controlled substance in violation of § 35–7–1031(a)(ii), W.S.1977, and sentenced to one to three years on each count with the sentences to run consecutively; thus a total sentence of six to eighteen years. In this appeal, he claims he was denied a fair trial when the trial court refused to excuse for cause a juror who, in a previous trial of a different defendant, had heard the same facts and witnesses in the same transaction and voted for conviction.

We reverse.

Appellant Randy Alan Lee was charged in an indictment with six counts of delivery of a controlled substance. The counts are identical except with respect to the controlled substance and date involved. The first three counts concern methamphetamine, counts four and five involve lysergic acid diethylamide and count six concerns marijuana. The six counts are stated in the same language which is as follows:

"Randy Alan Lee did unlawfully on or about the 5th day of February, 1985, in the County of Campbell, State of Wyoming, deliver or possess with intent to deliver a controlled substance, to-wit: methamphetamine, in violation of Section 35–7–1031(a), 35–7–1031(a)(ii), and 35–7–1016(d)(ii), Wyoming Statutes."

Count two is identical to count one even as having occurred on the same date, the 5th day of February, 1985. Count three is identical to count one except that the occurrence was February 16, 1985. The first three counts of the indictment each involved a transaction in which Darel Petersen and appellant Randy Lee were alleged to have delivered the controlled substance to David Lauck, a narcotics investigator for the Campbell County sheriff's department.

Count one was based upon a delivery and sale of methamphetamine February 5, 1985 in the Mini Mart parking lot in Campbell County, Wyoming. The narcotics agent testified that appellant and Darel Petersen were present in Petersen's car, that appellant handed the methamphetamine to Petersen, advising that it was of good quality and the price was $60.00; Petersen then handed the controlled substance, methamphetamine, to the agent completing the transaction.

Count two is based upon a transaction that took place February 5, 1985 at about 8:40 p.m. at the Sands parking lot in Campbell County, Wyoming. Petersen arranged the meeting, the agent appeared, and Darel Petersen and Randy Lee were waiting in Petersen's car. Again there was an alleged delivery and sale of methamphetamine.

Count three involved the sale and purchase of two grams of methamphetamine February 16, 1985 in Campbell County, Wyoming, again from Darel Petersen's vehicle, with Darel Petersen driving and Randy Lee occupying the passenger side. Counts four, five and six are stated in identical language but involve the delivery of different controlled substances.

Based upon each of the first three transactions described above, Darel Petersen was charged in an indictment with aiding and abetting the delivery of methamphetamine. His trial was held two weeks before the trial of appellant, and he was convicted of the charges. In the Darel Petersen trial, the same witnesses testified to the same facts involving the sale of the same controlled substances to the same narcotics investigator in the identical trans-

actions described in the trial of this case against appellant Randy Lee.

■ During jury selection in the Randy Lee trial, Mrs. Vaudrey acknowledged that she had been a juror in the case of *State v. Darel Petersen* two weeks before. The following occurred during voir dire questioning of Mrs. Vaudrey:

"MR. COWAN: Good morning, Mrs. Vaudrey.

"Since you served on that case, if you heard Mr. Petersen's name come up in this case, do you think you would be able to sort the evidence that you heard on that case from this one and base your decision just on this case?

"MRS. VAUDREY: Yeah, I do.

"MR. COWAN: Okay. Do you recall the defendant's name coming up in that other case two weeks ago?

"MRS. VAUDREY: Yeah.

&ast; &ast; &ast; &ast; &ast; &ast;

"MR. REESE: Mrs. Vaudrey, do you remember Randy Lee's name coming up in that trial?

"MRS. VAUDREY: Yes, I do.

&ast; &ast; &ast; &ast; &ast; &ast;

"MR. REESE: On the transaction involving Mr. Petersen, you've already formed an opinion because you've delivered a verdict; didn't you?

"MRS. VAUDREY: On Mr. Petersen, yes.

&ast; &ast; &ast; &ast; &ast; &ast;

"MR. REESE: I would like to challenge this juror for cause based on the fact that she has heard the evidence on three of the counts, very similar, and formed an opinion as to guilt of another party.

"According to the allegations, these were intimately connected.

"THE COURT: Your challenge is denied. That's not granted."

The question clearly presented for our determination is whether juror Vaudrey, who had heard all of the evidence in Petersen's trial and concluded that there had been a delivery of a controlled substance in violation of Wyoming statutes and voted to return a guilty verdict against Petersen,

was now a qualified juror without bias or prejudice, who could fairly and impartially hear all of the same evidence again in the trial of appellant Randy Lee.

Article 1, § 10 of the Wyoming Constitution provides:

"In all criminal prosecutions the accused shall have the right to defend in person and by counsel, to demand the nature and cause of the accusation, to have a copy thereof, to be confronted with the witnesses against him, to have compulsory process served for obtaining witnesses, and to a speedy trial *by an impartial jury* of the county or district in which the offense is alleged to have been committed."

A juror may be challenged for cause if "he has formed or expressed an opinion as to the guilt or innocence of the accused, or is biased or prejudiced for or against the accused." Section 7–11–105(a)(ii), W.S.1977.

It has been held almost without exception that where two persons charged with a crime arising out of the same transaction are granted separate trials, a juror hearing the trial of the first defendant is not qualified as a juror for the subsequent trial of the second defendant, the reason being that the juror has formed or expressed an opinion upon the merits of the case. 47 Am.Jur.2d Jury §§ 308, 309 (1969); Annot., 160 A.L.R. 753 (1946); Annot., 6 A.L.R.3d 519 (1966). It makes no difference that Mrs. Vaudrey was of the opinion that she could be impartial; under the circumstances of this case, prejudice is implied as a matter of law. *United States v. Haynes*, 398 F.2d 980 (2nd Cir.1968), cert. denied, 393 U.S. 1120, 89 S.Ct. 996, 22 L.Ed.2d 124 (1969).

■ In addition to a showing of the prejudice of juror Vaudrey, it must also appear that a denial of the challenge for cause resulted in prejudice to appellant with respect to the jury as finally seated. *Patterson v. State*, Wyo., 691 P.2d 253, 256 (1984), cert. denied, 471 U.S. 1020, 105 S.Ct. 2048, 85 L.Ed.2d 311 (1985), citing *Parks v. State*, Wyo., 600 P.2d 1053 (1979) as authority, held that refusal to excuse an un-

qualified juror for cause was prejudicial where appellant had

"objected to the ruling, did not accept the jury because of it, exhausted their peremptory challenges, and designated the juror against whom they would have exercised the peremptory challenge necessarily used against juror Taylor."

*Parks v. State*, supra, was not support for the proposition that a party who challenges a juror for cause must designate the juror against whom they would have exercised a peremptory challenge to establish prejudice. It is sufficient that appellant challenged the unqualified juror for cause, the court denied the challenge, appellant did not accept the jury because of it, and he exhausted his peremptory challenges. Here it is undisputed that appellant challenged juror Vaudrey for cause, and the court denied the challenge. Appellant made known his objection to the jury when, after all jurors had been questioned upon voir dire, the following occurred:

"THE COURT: Do you pass this panel for cause?

"MR. REESE: I would like to approach the bench.

"THE COURT: Yes.

＊　　＊　　＊　　＊　　＊　　＊

"MR. REESE: Your Honor, at this time I would like to renew my motion for mistrial based upon the fact that * * * Mrs. Vaudrey who has served on a case involving many, many of the same facts as this one, and has already rendered a guilty verdict, and thereby has statutorily formed an opinion on the case.

"THE COURT: The motion is denied."

Thus, appellant did not accept the jury.

Finally, exhaustion of all peremptory challenges is required, for if appellant, still having unused peremptory challenges, accepted the jury, it would be clear that there were no other jurors he wished excused, that he was agreeable to the jury as constituted, and thus there could be no prejudice. Appellee concedes in its brief, and the record confirms, that appellant exhausted all of his peremptory challenges. All of the requirements for showing prejudice to

appellant upon denial of a challenge for cause have been satisfied in this case. A trial court's denial of a proper challenge for cause is prejudicial when it forces the challenging party to use a peremptory challenge which could otherwise have been used to excuse another juror. *Patterson v. State,* supra, 691 P.2d at 256. It was error to deny the challenge for cause of juror Vaudrey.

The case of *Boyd v. State,* Wyo., 528 P.2d 287 (1974), cert. denied, 423 U.S. 871, 96 S.Ct. 137, 46 L.Ed.2d 102 (1975), is not in point and is no help to appellee. Although the facts of Boyd are unclear, it is apparent that the challenge for cause was based upon the claim that witnesses from a prior case involving a separate and distinct transaction would also be testifying in the Boyd case. The rejection of error in refusing the challenge for cause was based upon *United States v. Haynes,* supra, 398 F.2d at 984, which was quoted as follows:

> "[T]he courts have decided that a juror's prejudice must be proved, not merely implied, when he serves at the separate trials of different defendants who are tried upon charges which are similar but *which arise out of separate and distinct transactions.*"

*Jackson v. State,* Wyo., 533 P.2d 1 (1975), without recitation of fact, cites *Boyd* as authority for upholding the trial court in refusing a challenge for cause. It adds nothing of moment. It is not authority for upholding a denial of a challenge for cause of a juror who sat upon a prior jury that tried a co-defendant upon a charge arising out of the *same transaction.*

The trial court has a broad discretion in determining whether a juror challenged for cause should be excused. That determination will be upheld unless discretion has been abused. An abuse of discretion occurs when the court acts in a manner that exceeds the bounds of reason under the circumstances. When there is no reasonable basis upon which a court could make its ruling, there is an abuse of discretion; and in voir dire, it is essential that the court always exercise its discretion consistent with the essential demands of fairness.

*Gresham v. State,* Wyo., 708 P.2d 49 (1985); *Jahnke v. State,* Wyo., 682 P.2d 991 (1984). It was clear in this case that Mrs. Vaudrey was not a qualified juror who could sit on appellant's case. The court abused its discretion in refusing to grant the challenge for cause and dismiss Mrs. Vaudrey.

Reversed.

THOMAS, Justice, dissenting, with whom BROWN, Chief Justice, joins.

I would affirm Lee's conviction. I recognize that the ruling on the challenge for cause by the district court was erroneous. That erroneous ruling had the effect of depriving Lee of one of his peremptory challenges, and that is trial error, probably of constitutional dimension. I am satisfied beyond a reasonable doubt, however, that this error was not prejudicial to Lee. In the absence of prejudicial error, this court should affirm his conviction.

As the majority opinion correctly demonstrates, it is not permissible for a juror to serve in a criminal case if that juror previously has served in a case involving the same events leading to substantially identical charges provable by substantially the same evidence, even though against a different defendant. That is very much like permitting a juror who has served on a jury which has convicted a defendant to serve at a later trial of that defendant, after a reversal has been obtained; but that did not happen in this case. Instead, Lee was required to exercise one of his peremptory challenges in order to remove the juror who properly was challenged for cause. Consequently, the thrust of the error only can be the loss of one of his peremptory challenges.

Nothing in the record indicates that Lee was deprived of his right to an impartial jury in violation of either the Sixth Amendment to the Constitution of the United States or Art. 1, § 10 of the Constitution of the State of Wyoming. He was, however, denied equal protection of the law and his right to due process in violation of the Fourteenth Amendment to the Constitution of the United States; Art. 1, § 6 of the

Constitution of the State of Wyoming; and Art. 1, § 34 of the Constitution of the State of Wyoming. Lee had the benefit of one less peremptory challenge than other defendants have in a trial for a felony charge.

Assuming an error of constitutional dimension was committed, this court is not required to reverse Lee's conviction because we have provided that "any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded." Rule 49(a), W.R.Cr.P. In *Campbell v. State*, Wyo., 589 P.2d 358 (1979), this court adopted the rule for testing harmless error of constitutional dimension promulgated with respect to the Constitution of the United States in *Chapman v. State of California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705, 24 A.L.R.3d 1065, reh. denied, 386 U.S. 987, 87 S.Ct. 1283, 18 L.Ed.2d 241 (1967). In such an instance, "the court must be able to declare a belief that it was harmless beyond a reasonable doubt." *Campbell v. State*, supra, 589 P.2d at 367.

Lee's co-defendant was convicted by a jury upon substantially the same evidence. That is demonstrated because the thrust of Lee's claim of error with respect to the denial of the challenge for cause is that the juror who served in the prior case would be hearing substantially the same evidence. That juror did not sit in this case, and Lee then must assert as error the fact that he was deprived of a peremptory challenge. As noted, there is nothing to indicate that the jury was not impartial, and that jury convicted Lee. Under these circumstances, it is clear beyond a reasonable doubt that no other impartial jury would reach a different result, and a reversal simply affords Lee the opportunity to seek jury nullification.

Because of my view with respect to harmless error on the peremptory challenge issue, I am compelled to address the claim of error arising out of the failure to give an instruction on the lesser included offense of possession. The trial judge properly recognized that Lee either did what he was charged with or he did nothing. Consequently, Lee's request for the lesser included offense instruction relating to simple possession was an effort to seek jury nullification of the appropriate statute under which he was charged by convicting him of something else. As this court previously has noted, the possibility of jury nullification is not a right enjoyed by a defendant in a criminal case. *Nollsch v. City of Rock Springs*, Wyo., 724 P.2d 447 (1986). Consequently, Lee was not entitled to the lesser included offense instruction in an attempt to secure jury nullification. *Lessard v. State*, Wyo., 719 P.2d 227 (1986). Because the evidence does not support a reasonable conclusion of simple possession only, the trial court committed no error in refusing to give the instruction on the lesser included offense of simple possession. *Amin v. State*, Wyo., 695 P.2d 1021 (1985).

I would affirm this conviction.