520 So.2d 493 (1988)
Louis DAVIS, Jr.
v.
STATE of Mississippi.
No. 57473.
Supreme Court of Mississippi.
February 17, 1988.
Robbie K. Asher, Bay St. Louis, for appellant.
Edwin Lloyd Pittman and Mike Moore, Attys. Gen. by Leyser Q. Morris, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before HAWKINS, P.J., and SULLIVAN and ZUCCARO, JJ.
ZUCCARO, Justice, for the Court:
Louis Davis, Jr. was convicted of the sale of a controlled substance (cocaine) by the Circuit Court of Hancock County and sentenced to serve seven (7) years imprisonment. From this adverse verdict and sentence, Davis perfected his appeal to this Court, raising but one (1) assignment of error. Finding no error, we affirm.

I. DID THE LOWER COURT ERR IN REFUSING JURY INSTRUCTION D-9 WHICH EXPLAINED THE POWER OF JURY NULLIFICATION?
Davis' sole argument is that the lower court erred in refusing to give his "jury nullification" instruction, D-9, which reads:

*494 The Court instructs the Jury that under the Constitution of the United States, the Jury has a paramount right to acquit an accused person for whatever reason and to find him not guilty, even though the evidence may support a conviction, and this is an important part of the jury trial system guaranteed by the Constitution.
The Court further instructs the Jury that this principle of jury nullification is as much a part of and just as important to the constitutional process as any other instruction which the Court has given to this Jury, and that in the final analysis, you, the members of the Jury, are the sole judges of whether or not it is right and fair to convict the Accused or whether under the totality of the circumstances, the Accused should be found not guilty. In arriving at your verdict you are not compelled to answer to anyone or to the State, nor are you required at any time by the Court or any person or party to give a reason or to be brought to accountability for your decision and vote.
The basis for appellant's argument is that the jury has the power to acquit a criminal defendant for whatever reason even though the evidence supports a conviction and that this power is an important part of the constitutional scheme of our criminal law system. State v. Brailsford, 3 (3 Dall) U.S. 1, 1 L.Ed. 483 (1794); United States v. Leach, 632 F.2d 1337, n. 12 (5th Cir.1980). While this is indeed a correct statement of the constitutional principle of "jury nullification", Davis' further assertion that he has the right to an instruction on the point is unsound. The courts that have considered this issue have almost uniformly held that a criminal defendant is not entitled to such an instruction. Lee v. State, 743 P.2d 296 (Wyo. 1987); State v. Cote, 129 N.H. 358, 530 A.2d 775 (1987); Commonwealth v. Fernette, 398 Mass. 658, 500 N.E.2d 1290 (1986); Annas v. State, 726 P.2d 552 (Alaska App. 1986); Walker v. State, 723 P.2d 273 (Okl. 1986); State v. Allie, 147 Ariz. 320, 710 P.2d 430 (1985); State v. Perkins, 353 N.W.2d 557 (Minn. 1984); Walker v. State, 445 N.E.2d 571 (Ind. 1983); Williams v. Commonwealth, 644 S.W.2d 335 (Ky. 1983); State v. Lang, 46 N.C. App. 138, 264 S.E.2d 821 (1980); Keenan v. State, 379 So.2d 147 (Fla.App. 1980); State v. Hunter, 586 S.W.2d 345 (Mo. 1979); State v. Vigna, 260 N.W.2d 506 (S.D. 1977); State v. Willis, 218 N.W.2d 921 (Iowa 1974). For federal decisions rejecting the right to a "jury nullification" instruction, see United States v. Wiley, 503 F.2d 106 (8th Cir.1974) citing United States v. Dellinger, 472 F.2d 340 (7th Cir.1972) cert. denied, 410 U.S. 970, 93 S.Ct. 1443, 35 L.Ed.2d 706 (1973); United States v. Simpson, 460 F.2d 515 (9th Cir.1972); United States v. Moylan, 417 F.2d 1002 (4th Cir.1969) cert. denied, 397 U.S. 910, 90 S.Ct. 908, 25 L.Ed.2d 91 (1970); Washington v. Watkins, 655 F.2d 1346, 1374 n. 54 (5th Cir.1981).
As early as 1895, the United States Supreme Court, in Sparf et. al. v. United States, 156 U.S. 51, 15 S.Ct. 273, 39 L.Ed. 343 (1895), recognized that there was no right to have the jury instructed that it could do whatever it willed. The sound reasoning behind denying a right to a "jury nullification" instruction is that:
To encourage individuals to make their own determinations as to which laws they will obey and which they will permit themselves as a matter of conscience to disobey is to invite chaos. No legal system could long survive if it gave every individual the option of disregarding with impunity any law which by his personal standard was judged morally untenable. Toleration of such conduct would not be democratic, as appellant's claim, but inevitably anarchic.
United States v. Dougherty, 473 F.2d 1113, 1133-1134 (D.C. Cir.1972) quoting United States v. Moylan, 417 F.2d 1002, 1009 (4th Cir.1969), cert. denied, 397 U.S. 910, 90 S.Ct. 908, 25 L.Ed.2d 91 (1970). For the reasons set forth above, the assignment of error is without merit.

CONCLUSION
Louis Davis, Jr. was properly tried and found guilty of the sale of cocaine. On appeal, he asks this Court to mandate an instruction that would in essence direct juries *495 that they could run amuck. This argument has failed in practically every jurisdiction in the United States and too it must fail in Mississippi. The decision of the lower court is affirmed.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.