[Crim. No. 8360. Second Dist., Div. Four. Feb. 26, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. BURNELL JOSEPH HARRIS, Defendant and Appellant.

Arnold Fingarette for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Norman H. Sokolow, Deputy Attorney General, for Plaintiff and Respondent.

JEFFERSON, J.—The Los Angeles County Grand Jury returned an indictment in which defendant Burnell Joseph Harris was charged with agreeing to sell, deliver, or furnish, a narcotic, to wit, cocaine, to Lionel Robert, and selling, furnishing, or delivering to the same Lionel Robert a nonnarcotic substance in lieu of the narcotic in violation of section 11503 of the Health and Safety Code. The indictment alleged a prior felony conviction of the crime of burglary and a violation of section 503 of the Vehicle Code, also a felony.

Defendant entered a plea of not guilty. Trial was by the court, trial by jury having been duly waived by defendant personally and by all counsel. Pursuant to stipulation of

defendant and counsel the cause was submitted to the court on the testimony given at the preliminary hearing as contained in the transcript of the proceedings.

At the commencement of the trial the judge indicated for the record he had read and considered the evidence produced at the preliminary hearing. Defendant testified in his own behalf. The People called Lionel Robert in rebuttal. The People offered evidence of the prior convictions in the record and it was stipulated that the court would determine the truth or falsity of the prior convictions at the time of the hearing of probation and sentence. Defendant was found guilty as charged, a probation report was ordered, and defendant's motion for a new trial was denied. The court found the first prior conviction as alleged was untrue. The second was found to be true. Probation was denied and defendant was sentenced to state prison for the term prescribed by law. Defendant prosecutes this appeal from the judgment and the order denying a motion for new trial.

On August 21, 1961, Lionel Robert, a narcotic officer, and a person named Al McGraw met defendant on the corner of 102d and Beach Streets. McGraw said, ''Say, man, J. B. knows where you can get some coke.'' In the vocabulary of narcotic users ''coke'' means cocaine. Officer Robert asked defendant, ''Is this good stuff, man?'' and he said, ''Yeah.'' The officer then asked, ''Well, look here, how does this cat keep his stuff packaged, in caps?'' Defendant replied, ''I don't know but it will cost you three bucks. You got a car?'' The officer said, ''Yes.'' Defendant said, ''We have to go just off Central. Come on.'' The parties then drove to a place on 113th Street where defendant said, ''Let me get out here and see if the stud is home.'' Defendant walked to a house, talked to a man on a porch, returned to the car and said, ''I've got to meet the stud at the park so you can leave me off there, I got the stuff.'' Defendant then handed Officer Robert a small cellophane bindle and the officer handed him three $1.00 bills. Robert said, ''I've got to take a look at the stuff because the cat's been trying to pass some bad stuff on me.'' Defendant said, ''Well, that's good coke. I wouldn't do no burn on a cat.''

Within two days Officer Robert again met defendant and said, ''Man, this stuff you got me the other day, it's no good. Where did you get it from?'' Defendant replied, ''Well, man, I know the stud is righteous, and I wouldn't try to burn you, but if you say it's no good, I'll try to make your money

back, and I'm going to see the man. . . . I'll get you some marijuana to make up for it.'' Substantially, the foregoing represents the basis for defendant's conviction.

Richard John Bingle, a qualified forensic chemist, testified that he made an examination of the exhibit introduced into evidence and expressed his opinion that the bindle contained a quantity of white crystalline substance; that his examination of this substance revealed it did not contain any narcotic.

Defendant testified in his own behalf that the person accompanying the officer, Al McGraw, had requested defendant to help ''burn'' the officer by selling the officer some ''salt'' which he would prepare to simulate narcotics; that he, McGraw, delivered the package to defendant and told him to charge $3.00 for it. Further details of this testimony need not be related as the trial court obviously did not place any credence in the defendant's version of the facts.

Defendant contends that as a matter of law the evidence supported the defense of entrapment in that the criminal design originated not in the mind of defendant but in the mind of the officer and his decoy. We find no merit in this contention. ''Entrapment is an affirmative defense imposing upon the accused the burden of proving that he was induced to commit the crime of which he is charged, and the existence or nonexistence of entrapment is a question of fact for the trier of fact who is the sole judge of the weight and worth of the evidence. [Citations.]'' *(People v. Castro,* 167 Cal.App.2d 332, 337 [334 P.2d 602].)

Defendant contends there is not ''sufficient substantial evidence'' to support the trial court's determination that no unlawful entrapment was established. This argument is untenable. ''Entrapment as a matter of law is not established where there is any substantial evidence in the record from which it may be inferred that the criminal intent to commit the particular offense originated in the mind of the accused. [Citation.]'' *(People* v. *Terry,* 44 Cal.2d 371, 372 [282 P.2d 19].) At most, the officer and McGraw offered defendant the opportunity to commit the crime.

 '' 'Where the doing of an act is a crime, regardless of the consent of anyone, the courts are agreed that if the criminal intent originates in the mind of the accused and the offense is completed, the fact that an opportunity was furnished, or that the accused is aided in the commission of

the crime in order to secure the evidence necessary to prosecute him therefor, constitutes no defense. [Citations.] If the officer uses no more persuasion than is necessary to an ordinary sale, and the accused is ready and willing to make the sale, there is no entrapment.'" (*People* v. *Braddock,* 41 Cal.2d 794, 802 [264 P.2d 521].) ▮ The officer and defendant both testified that defendant offered to sell the substance to the officer for $3.00. Criminal intent could reasonably be inferred therefrom and, coupled with the actual sale to the officer, constitutes substantial evidence upon which the court's judgment may be based. The court was clearly warranted in finding that defendant was not persuaded or lured but willingly committed the crime of which he was charged.

Defendant contends the trial court failed to take into consideration the presumption that evidence wilfully suppressed would be adverse if produced, pursuant to section 1963, subdivision 5, of the Code of Civil Procedure. This contention is without merit. As stated in *People* v. *Sauceda,* 199 Cal.App.2d 47, 56 [18 Cal.Rptr. 452] : ". . . the cases have uniformly held that in the void of specific testimony that the police encouraged the informer to disappear . . . the courts cannot infer improper motives or activities on the part of the officers, but must presume that the officers regularly and lawfully performed their duties [citation]."

▮ Defendant argues that the decoy McGraw should have been produced as a witness. The evidence shows that Officer Robert had participated in about thirty investigations with McGraw but the officer never learned his address. McGraw was known as an informer. Defendant admitted he was acquainted with McGraw. He had the opportunity to produce him as a witness if he felt his testimony was necessary to his defense. Defendant states that through his attorney an effort was made to locate McGraw but was unsuccessful; that the prosecution on the other hand made no effort to locate him. The record shows that when defendant insisted upon this witness being produced, the court granted a continuance in order to afford defendant's counsel the opportunity to locate the witness. There was no showing of any suppression of evidence in this case.

▮ "The prosecution is not required to call any particular witness, nor to put on all the evidence relating to a charge so long as all material evidence bearing thereon is

fairly presented in such a manner as to accord to the defendant a fair trial." (*People* v. *Kiihoa*, 53 Cal.2d 748, 752 [3 Cal.Rptr. 1, 349 P.2d 673]; to the same effect is *People* v. *Smith*, 174 Cal.App.2d 129, 134 [344 P.2d 435].)

In the record before us there is no showing by defendant that any material evidence was suppressed on behalf of the People.

The judgment of conviction is affirmed and the purported appeal from the order denying defendant's motion for a new trial is dismissed.

Burke, P. J., and Bishop, J. pro tem.,* concurred.