William Michael DYCUS, Appellant
(Defendant below),

v.

The STATE of Wyoming, Appellee
(Plaintiff below).

No. 4355.

Supreme Court of Wyoming.

Dec. 23, 1974.

W. Perry Dray, Hirst, Applegate & Dray, Cheyenne, for appellant.

David B. Kennedy, Atty. Gen., Jerome F. Statkus, Asst. Atty. Gen., Timothy Judson, Sp. Asst. Atty. Gen., Cheyenne, and Arthur T. Hanscum, Director, Wyoming Prosecution Assistance Program, and Senior Law Student, University of Wyoming, Laramie, for appellee.

Before PARKER, C. J., McEWAN, GUTHRIE, and McCLINTOCK, JJ., and J. REUEL ARMSTRONG, District Judge.

Mr. Chief Justice PARKER delivered the opinion of the court.

William Michael Dycus was tried on two indictments charging him with (1) posses-

sion with intent to deliver a controlled substance (methamphetamine), and (2) unlawful and felonious delivery of a controlled substance (methamphetamine). He was convicted on both indictments and sentenced to three and a half to four years on each; but the sentence as to possession was suspended. He has appealed, charging three different errors:

(1) The failure to give an instruction dismissing the first charge and instead instructing on both charges;

(2) The denial of a fair and impartial jury trial in that he was tried on two separate indictments which arose out of the same circumstances and which constituted one offense, the sentencing on the conviction of both indictments being contrary to law and placing him in double jeopardy; and

(3) Failure to set aside the convictions because of entrapment.

■ The first two charges of error are interrelated and will be discussed together. Defendant begins his argument by insisting that the provision of § 7–131, W. S.1957, requiring an election by the prosecutor when there were pending against a defendant two or more indictments for the same criminal act, was still in effect despite its having been superseded by the Wyoming Rules of Criminal Procedure. In this he is incorrect. At the inception of the trial it was impossible for the court to know how the evidence would develop and under Rules 11 and 12, W.R.Cr.P., there was no occasion to disapprove joinder of the offenses or trial together of the indictments or information. Rules 11 and 12 specifically permit joinder of offenses and trial together of two or more indictments. As is stated in Pointer v. United States, 151 U.S. 396, 403, 14 S.Ct. 410, 38 L.Ed. 208, cited by defendant, the settled rule is that the matter is one for the court's discretion, and here, as in Pointer, there was a close connection between the two crimes charged in respect to time, place, and occasion. Even so, the court should not have permitted the case to go to the jury on

both counts when the evidence, without contradiction, indicated that the same controlled substance was both possessed and delivered by the defendant. We discussed this aspect at some length in the recent cases of Jackson v. State, Wyo., 522 P.2d 1356, and Boyd v. State, Wyo., 528 P.2d 287, both decisions having been issued after the trial in this case. These cases demonstrate that when, under the evidence, the violation of two separate and distinct prohibitions regarding controlled substances concerns the same material, the offenses become merged so that only one conviction and sentence can result. In the present situation there is no contention or evidence that the methamphetamine possessed was not the same as that which was delivered by the defendant. Accordingly, the conviction and sentence relating to the possession with intent to deliver should be reversed.

■ The final challenge raised by the appeal relates to the refusal of the court to decree entrapment as a matter of law and the submission of the matter to the jury. Defendant quotes from our case of Higby v. State, Wyo., 485 P.2d 380, 384, where it was stated:

"Entrapment does not arise where one is ready to commit the offense, given but the opportunity, and suspected persons can be tested by being offered an opportunity to transgress the law although they *may not be put under any extraordinary temptation or inducement.* * * *" (Emphasis supplied by defendant.)

Counsel then argues that in the instant case defendant was offered more than an opportunity to transgress the law by an informer who placed him under extraordinary temptation and inducement. Sorrells v. United States, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413, 86 A.L.R. 249, and Sherman v. United States, 356 U.S. 369, 78 S. Ct. 819, 2 L.Ed.2d 848, are relied upon as prohibiting law enforcement officials instigating criminal acts in order to lure otherwise innocent persons to commit crimes and punish them. We have heretofore rec-

ognized the holdings in these mentioned cases and agree with the pronouncement in Sherman, 356 U.S. at 372, 78 S.Ct. at 821, that "Entrapment occurs only when the criminal conduct was 'the product of the *creative* activity' of law-enforcement officials." It is, of course, conceivable that evidence be so clear and undisputed that entrapment could be decreed by a court as a matter of law. However, should such situation not exist, the question of entrapment is one for the jury. Sorrells v. United States, supra, 287 U.S. at 452, 53 S.Ct. 210; United States v. Costello, 5 Cir., 483 F.2d 1366, 1367; and see State v. Mendoza, 109 Ariz. 445, 511 P.2d 627, 630; People v. Harris, 213 Cal.App.2d 365, 28 Cal.Rptr. 766, 768. If there was no other evidence concerning entrapment except that of defendant Dycus, the entrapment would have been shown and the court might properly have instructed to that effect. However, such was not the case. The evidence of various state's witnesses was to the effect that there was no entrapment. The conflict in the evidence both ostensibly and implicitly then raised a question as to the credibility of witnesses and therefore became a matter for the jury's determination. Murdock v. State, Wyo., 351 P.2d 674, 678; Montez v. State, Wyo., 527 P.2d 1330.

The verdict and portion of the judgment relating to possession with intent to deliver are reversed. The conviction for "delivery" and judgment thereon are affirmed.

Reversed in part; affirmed in part.