**J. Van JACKSON, Jr., Appellant (Defendant below),**

v.

**STATE of Wyoming, Appellee (Plaintiff below).**

No. 4354.

Supreme Court of Wyoming.

March 21, 1975.

Rehearing Denied April 28, 1975.

**2**

Dean W. Borthwick and Michael W. McCall, Borthwick & McCall, Cheyenne, for appellant.

David B. Kennedy, Atty. Gen., Jerome F. Statkus, Asst. Atty. Gen., and Stuart S. Healy, Legal Intern, Cheyenne, for appellee.

Before GUTHRIE, C. J., and McCLINTOCK and THOMAS, JJ.

GUTHRIE, Chief Justice.

This is an appeal from a conviction and sentence after defendant's conviction of two charges, being delivery of a controlled substance [1] and for the unlawful possession of a controlled substance with intent to deliver, all in violation of § 35–347.-14(d)(1) and § 35–347.31(a)(ii), W.S.1957, 1973 Cum.Supp. Defendant was sentenced to a term of two to three years' imprisonment on the charge of delivery of a controlled substance but no sentence was passed on the conviction of possession with intent to deliver the controlled substance.

Appellant asserts three propositions as the basis for reversal:

The trial court erred in permitting the State to produce testimony and evidence of crimes or evidence tending to show criminal conduct other than the charges for which the defendant was indicted and tried, and permitting such testimony was clearly prejudicial to the defendant.

Defendant was denied the right to a fair and impartial trial for the reason that he was tried on two separate indictments, one charging possession with intent to deliver a controlled substance and the other charging delivery of a controlled substance, which arose out of the same facts and circumstances, and which constituted one offense, and which resulted in prejudice to the defendant.

Defendant was prejudiced and was denied the right to a fair and impartial trial for the reason that the witnesses used by the prosecution at defendant's trial were similar or identical to the witnesses used by the State in previous trials before juries drawn from the same panel from which the defendant's jury was drawn, and for the further reason that the defendant's brother and another individual named Jackson, as well as sev-

---

1. The controlled substance involved herein was the delivery of "3, 4–methylenedioxy amphetamine" on April 2, 1973.

eral other individuals, had been tried by juries drawn from the same jury panel.

## THE EVIDENCE RECEIVED

This assignment of error is based upon certain questions asked the witness Quarberg, a State agent, on direct examination and the cross-examination of Cynthia Jackson, defendant's wife, which cross-examination he insists was prejudicial because it tended to show other criminal conduct; and defendant's character not having been placed in issue, this was prejudicial.

█ The appellant, stating he relies on this only illustratively, sets out the following part of Quarberg's examination in his brief as follows:

"Q Why were you going to J. Van Jackson's residence? A To purchase a controlled substance.

"Q What, if anything, caused you to believe you could? A We had received information J. Van was a dealer in controlled substances."

These two questions were asked and answered before objection was made "to a witness testifying why he went to the house" and "on the ground of hearsay information." The judge thereupon cautioned the witness to confine his testimony to areas of his own knowledge and he thereafter testified these statements were based upon his own knowledge. The court carefully prevented Quarberg from repeating any conversations. There was no objection or suggestion by counsel at that time of any objections other than that of hearsay, and particularly no objection was made that the evidence tended to show other crimes. This court long ago and by way of observation recognized the governing rule that when evidence of such character is offered in explanation of an officer's actions he could state he did so on information if he did not state what the information was, State v. Rotolo, 39 Wyo. 181, 270 P. 665, 667–668. A clear and understandable statement of this rule appears in the case of State v. Sarkis, Mo., 313 S.

W.2d 723, 726, where this statement is made:

"* * * The details of the information received may be hearsay but that they were informed is a fact and explanatory of their subsequent action. * * *"

See Foster v. Commonwealth, 209 Va. 297, 163 S.E.2d 565, 569; State v. Lopez, 182 Kan. 46, 318 P.2d 662, 666; McCormick on Evidence, § 248, p. 587 (2d Ed.); 22A C. J.S.Criminal Law § 718, p. 999.

No objection was made to this testimony or the testimony of Cynthia Jackson on the basis which is now asserted as error. The effect of such failure to object will be discussed hereafter.

█ The cross-examination of Cynthia Jackson of which appellant complains is the cross-examination of the prosecuting attorney as to certain items found when the house was searched on May 4, 1973. An inquiry was made as to certain pipes, a water pipe, and certain other smoking devices, which appellant now contends attempted to portray him as a notorious drug peddler or user. There was mention of a roach clip, and after objection was sustained this was pursued no further at that time, although later when the question was repeated the court prevented any answer thereto.

Upon her direct examination Cynthia Jackson had denied that Agent Elliott was in the house on April 2, 1973, and recited she did not come to the home until May 4, 1973. She thereby placed her credibility directly in issue and upon her cross-examination stated her memory was excellent. This was certainly proper cross-examination, unless proper objection was made, to test her memory and the accuracy of her observations, Wright v. State, Wyo., 466 P.2d 1014, 1016.

█ It may be noted with reference to appellant's assertion of error in connection with the cross-examination of Cynthia Jackson that the only objections made to the questions propounded to her were on

**4**

the grounds that the same were not relevant and competent. When counsel even suggested another ground that this line of questioning was trying to suggest something which had not been received in evidence, the trial judge immediately ordered cessation of that line of questioning, although it is apparent that even this objection was not sufficient to raise the question now asserted.

■ This court has repeatedly held it is error, unless within certain recognized exceptions, to introduce evidence of different crimes other than the crime for which the prosecution is had.[2] It is not intended herein to in any way modify this rule. However, in absence of objection, as we have heretofore mentioned, we cannot reach this question in connection with the testimony of either Agent Quarberg or Jackson. We have heretofore held in Murdock v. State, Wyo., 351 P.2d 674, 679, that:

"* * * The objection of incompetency, irrelevancy, and immateriality is not sufficiently specific to raise any question for decision; [citations]. The objector should lay his finger on the particular point intended to be raised so that the trial court will have notice and an opportunity to cure the alleged error. It follows that there was no error in the trial court's overruling of defendant's objection."

Insofar as the testimony of both of these witnesses is concerned, defendant cannot now assert another ground of error, Murdock v. State, supra; Valerio v. State, Wyo., 429 P.2d 317, 319; Elmer v. State, Wyo., 463 P.2d 14, 19, rehearing denied 466 P.2d 375, certiorari denied 400 U.S.

845, 91 S.Ct. 90, 27 L.Ed.2d 82; Martinez v. State, Wyo., 511 P.2d 105, 109.

This court has recognized an exception to the requirement that proper objection be made but that was in a capital case, State v. Morris, 41 Wyo. 128, 283 P. 406, 411, and cases cited.[3]

## THE INDICTMENTS

■ Two separate indictments were returned against appellant by the grand jury and these were consolidated for trial by the trial judge. Prior to the trial appellant sought by motion to have the two indictments consolidated into one count on the basis that the possession charge was a lesser included offense in the delivery charge. This was denied by the trial judge, who gave appellant leave to renew the motion after the close of the State's case because from the record before him he could not tell if this was based upon the same factual situation. Upon inquiry by the judge counsel advised he did not want two trials. Appellant cannot now complain of the joinder of the two indictments for purposes of trial.

■ There have been two decisions by this court since the time of the trial and filing of appellant's brief which are decisive in our disposition of this contention. They are Dycus v. State, Wyo., 529 P.2d 979, and Boyd v. State, Wyo., 528 P.2d 287. From the evidence in this record the court should not have allowed the case to go to the jury upon both counts, Dycus, supra, 529 P.2d at 980; Boyd, supra, 528 P.2d at 289. However, in both these cases we did not deem this to be reversible error but reversed these convictions insofar as

2. Illustratively and not exhaustively, see Horn v. State, 12 Wyo. 80, 73 P. 705, 720; Eads v. State, 17 Wyo. 490, 101 P. 946, 951; Rosencrance v. State, 33 Wyo. 360, 239 P. 952, 955; Wright v. State, supra; Gabrielson v. State, Wyo., 510 P.2d 534, 537; Dorador v. State, Wyo., 520 P.2d 230, 232.

3. This writer suggested in his concurrence in the case of Gabrielson v. State, supra,

510 P.2d at 539, et seq., that if the error involves a constitutional right of fundamental character it might be proper for this court to consider it in absence of objection. This case is not a capital case nor one involving what we view as a constitutional or fundamental right, nor has this appellant relied upon any assertion of a constitutional or fundamental error.

the charge of possession with intent to deliver was concerned, which we must do in this case.

## THE JURY PANEL

Immediately prior to the commencement of the trial appellant filed a motion for continuance and asserted certain grounds by way of an affidavit attached thereto. These included statements that the defendant's name had been mentioned before members of the jury panel in other cases "to such an extent" that a trial before this panel would be prejudicial; that his brother, Wendell Jackson, had been tried and convicted for a drug violation by members of this panel; that Betty Jo Boyd, who had been convicted by members of the same panel, had also been referred to as Betty Jo Jackson, which would prejudice the jury; and that Judy Rice had been tried and found guilty of these felony drug counts on the preceding day, and that some of the witnesses who had testified in the Rice case would testify in the Jackson case and their credibility had been established with the jury panel. There is at least one other matter contained in the affidavit which is not raised on this appeal.

█ The trial judge, in denying the motion, called counsel's attention to the fact that Wendell Jackson had been tried on September 10, 1973, and Betty Jo Boyd the first part of August, 1973, but 25 additional jurors had been added to the panel since the Boyd panel, and the trial judge suggested this motion was untimely. We cannot find error in the refusal to grant a continuance unless there has been an abuse of discretion, James v. State, 27 Wyo. 378, 196 P. 1045, 1046. The case of United States v. Spoonhunter, 10 Cir., 476 F.2d 1050, 1056, holds this discretion is not abused in the absence of a clear showing of manifest injustice. At the time of the denial of this motion for continuance appellant's counsel asked to renew this motion if the voir dire examination demonstrated any of the jurors were prejudiced, and the judge advised him he thought that was the proper time and place to determine this matter. After a rather complete voir dire was directed at this question and after it was concluded and the challenged jurors excused, the defendant did not renew this motion but announced, "Defendant is satisfied." But we are not compelled to rest our disposal on this.

█ Since the brief in this case was filed this court has, in the case of Boyd v. State, supra, under a very similar factual situation and when the same contentions were asserted, held that the trial court had not abused its discretion in denying defendant's challenge to the jury panel and that no prejudice would be implied from the fact that jurors had served upon a preceding drug case where the jury "had previously been required to pass upon the credibility of a portion of the State's case in a trial immediately preceding the trial at bar," 528 P.2d at 290. This holding effectively disposes of appellant's contentions insofar as the jury was concerned.

The judgment is affirmed as to the first count and ordered dismissed as to the second count.