**Patrick Eugene EATHERTON, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. 87-267.

Supreme Court of Wyoming.

Aug. 31, 1988.

---

**1.** Chief Justice, Retired, June 30, 1988.

Steven E. Weerts, Sr. Asst. Public Defender, and Julie Naylor, for appellant.

Joseph B. Meyer, Atty. Gen., John W. Renneisen, Sr. Asst. Atty. Gen., and Gerald P. Luckhaupt, Asst. Atty. Gen., for appellee.

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT and MACY, JJ.

BROWN, Chief Justice.[1]

Appellant Patrick Eugene Eatherton appeals his conviction for burglary. He presents the following issues:

1. Whether it was error to refuse Appellant's motion to merge offenses.

2. Whether it was error to refuse to instruct the jury on the lesser-included offenses to burglary.

3. Whether it was error to order restitution when the jury expressly acquitted Appellant of larceny.

We affirm on the first issue, reverse on the second issue and remand the case for a new trial.

When Cable Jones, the victim, woke up on the morning of February 8, 1987, he was not alone in his bedroom. There was a strange man standing in the room next to his desk holding a pair of Jones' pants. After Jones turned on a light, the intruder raised the pants to cover his face, and then fled the room. Jones looked out the bedroom doorway and saw the man pass through his kitchen. At that point, Jones armed himself with a .357 revolver from his closet and followed the man out the front door and down the street. Jones yelled "halt" twice and then fired his revolver into a nearby pile of dirt to try to stop the fleeing man, but to no avail. The intruder finally ran out of sight, and Jones went home to call the police. The operator told him that the police were already on their way, so Jones took a few moments to put his pants on. While doing that, he noticed that his billfold, containing roughly $600, was gone.

Upon questioning by the police, Jones identified the man he had seen in his home

Wyoming Public Defender Program: Leonard D. Munker, State Public Defender;

1. Chief Justice, Retired, June 30, 1988.

as appellant, and he said that the man he had chased down the street was slight of build and had medium length brown hair. Other evidence presented in the case included the testimony of a Ms. Lorna Hansen, one of Jones' neighbors. On the night of the incident she had called the police at least two times to report that there was an unfamiliar car parked in front of her neighbor's house. She said that she had seen a young man walk in front of the headlights of the car and get in. After that the car drove away, but it soon returned to the same parking spot. A young person got out of the car, walked up to the sidewalk in front of Jones' house and ducked into the shadows. Ms. Hansen saw the light go on in Jones' house and then heard a sound like a firecracker going off. After that she saw a person wearing levis and dark clothes running south away from Jones' house.

Judy Shaffer, a friend of appellant's, was called as a prosecution witness. Ms. Shaffer testified that in the early morning hours of February 8, 1987, she and a Mr. Jerry Ellis drank some peppermint schnapps with appellant and later drove him to the street Ms. Hansen lived on. They parked, appellant left the car for a few minutes, returned, and they drove to a nearby convenience store for gasoline. At that time appellant said he had lost his wallet, so they retraced their steps to look for it. They eventually got back to where they had been parked earlier. Appellant left the car again, instructing Shaffer and Ellis to wait a few minutes and leave without him if he was not back soon. He did not come back and they drove away.

On February 9, 1987, a criminal complaint was filed charging appellant with burglary and grand larceny in violation of W.S. 6-3-301(a) and W.S. 6-3-402(a) (June 1983 Repl.), respectively.[2] A warrant issued, and appellant was apprehended in Wisconsin. After a preliminary hearing and arraignment, he pled not guilty to both counts.

On May 7, 1987, appellant filed a motion seeking an order requiring the state to elect which of the two charged offenses it would prosecute in the upcoming jury trial. The motion stated that simultaneous prosecution on both counts would violate his constitutional rights against double-jeopardy. The trial court denied the motion. The jury convicted appellant of burglary, but found him not guilty of larceny. After a presentence investigation, appellant was sentenced to seven to ten years in the state penitentiary, less credit for time served; fined $2,000; and ordered to pay $600 restitution. This appeal followed.

## DOUBLE JEOPARDY

Appellant argues that he was denied protection under the U.S. Const. amend. V, and Wyo. Const. art. 1, § 11, when the state was allowed to prosecute him for burglary and the lesser included offense of larceny in the same prosecution. He claims that placing both charges before the jury, when a conviction on both of them would require a merger under the state and federal constitutions, unfairly prejudiced him in the eyes of the jury.[3]

The state may join offenses in a criminal prosecution pursuant to W.R.Cr.P. 11(a), which provides:

(a) *Joinder of offenses.*—Two (2) or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transaction, or on two (2) or more acts or

---

2. W.S. 6-3-301(a) (June 1983 Repl.), provides:
   (a) A person is guilty of burglary if, without authority, he enters or remains in a building, occupied structure or vehicle, or separately secured or occupied portion thereof, with intent to commit larceny or a felony therein. W.S. 6-3-402(a) (June 1983 Repl.), provides:
   (a) A person who steals, takes and carries, leads or drives away property of another with intent to deprive the owner or lawful possessor is guilty of larceny.

3. Appellant cites no authority for this argument, but we surmise that it is probably based on Justice Marshall's dissent in *Morris v. Mathews,* 475 U.S. 237, 258–259, 106 S.Ct. 1032, 1044–1045, 89 L.Ed.2d 187, 204–205 (1986) (Marshall, J., dissenting).

transactions connected together or constituting part of a common scheme or plan.

If a defendant feels that a joinder under this rule is prejudicial to his case, he can seek relief under W.R.Cr.P. 13, which provides:

> If it appears that a defendant or the state is prejudiced by a joinder of offenses or of defendants in an indictment or information, or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires. In ruling on a motion by a defendant for severance, the court may order the prosecuting attorney to deliver to the court for inspection in camera any statements or confessions made by the defendant which the state intends to introduce in evidence at the trial.

▄▄ The trial court has discretion to deny a Rule 13 motion. This court will not overturn such a denial unless appellant carries his burden to show an abuse of discretion and resultant prejudice. *Pote v. State*, 695 P.2d 617, 624 (Wyo.1985). See also *Martin v. State*, 720 P.2d 894, 897 (Wyo.1986) (defining judicial discretion). An unsupported assertion of prejudice is insufficient to meet appellant's burden under Rule 13. *Pote v. State*, 695 P.2d at 624 (citing *Dobbins v. State*, 483 P.2d 255 (Wyo.1971)).

▄▄ Appellant presents essentially a single legal proposition. He claims that being tried for two charges arising out of the same transaction in the same prosecution violates his constitutional protections against double-jeopardy. Allowing prosecution on both charges at the same time, he tells us, makes the jury think that he must be guilty of at least one of the two charged offenses. That argument has failed numerous times before in this court, and we continue to reject it here. See *Jerskey v. State*, 546 P.2d 173, 185 (Wyo.1976); *Jack-*

son v. State*, 533 P.2d 1, 4 (Wyo.1975); *Dycus v. State*, 529 P.2d 979, 980 (Wyo. 1974); *Boyd v. State*, 528 P.2d 287, 289 (Wyo.1974), cert. denied 423 U.S. 871, 96 S.Ct. 137, 46 L.Ed.2d 102 (1975); *Dorador v. State*, 520 P.2d 230, 231–232 (Wyo.1974) and cases cited therein. See also *Garrett v. United States*, 471 U.S. 773, 789–790, 105 S.Ct. 2407, 2417, 85 L.Ed.2d 764, 778–779 (1985). The state complied with W.R. Cr.P. 11(a), when it charged and tried appellant. He has not shown any violation of his constitutional rights, an abuse of discretion or prejudice arising out of the trial court's denial of his Rule 13 motion. Appellant's merger arguments were rendered moot by his acquittal on the larceny charge.

## INSTRUCTIONS

Appellant's second contention is that the trial court committed reversible error when it refused to instruct the jury on the offense of criminal entry. W.S. 6-3-302 (June 1983 Repl.)[4]. Criminal entry is a lesser-included offense of burglary because the state cannot prove burglary unless it convinces the jury beyond a reasonable doubt that the defendant made a criminal entry with the *specific intent* to commit larceny or a felony inside the building, structure or vehicle he entered.

▄▄ Recently, in *Miller v. State*, 755 P.2d 855, 865–866 (Wyo.1988), we reiterated the five-part test that is the established standard for instructing the jury on lesser-included offenses:

> (1) a proper request [for the instruction] is made; (2) the elements of the lesser-included offense are identical to part of the elements of the greater offense; (3) there is some evidence that would justify conviction of the lesser-included offense; (4) the proof on the element or elements differentiating the two crimes is sufficiently in dispute so that the jury may consistently find the defendant innocent of the greater and guilty of the lesser-in-

---

4. W.S. 6–3–302(a) (June 1983 Repl.), provides: (a) A person is guilty of criminal entry if, without authority, he knowingly enters a building, occupied structure, vehicle or cargo portion of a truck or trailer, or a separately secured or occupied portion of those enclosures.

cluded offense; and (5) mutuality exists such that the lesser-included charge can be demanded by either the prosecution or the defense. Adopted from *United States v. Chapman*, 615 F.2d 1294, 1299 (10th Cir.), cert. denied 446 U.S. 967, 100 S.Ct. 2947, 64 L.Ed.2d 827 (1980). See also *Jahnke v. State*, 692 P.2d 911, 917–918 (Wyo.1984); and W.R.Cr.P. 32(c).

When all five parts of this test are met, and the lesser-included offense instruction is not given, the trial court commits reversible error. *Jahnke v. State*, 692 P.2d at 918. Cf. *Miller v. State*, 755 P.2d at 865–866.

A review of this record reveals that part (1) of the test was met. Appellant requested an instruction on the crime of criminal entry, which was denied. We have also described the identity between the elements of criminal entry and burglary, thereby satisfying part (2). The mutuality requirement of part (5) was present as well. The remaining questions then involve parts (3) and (4). There must be some evidence in the record that would negate the specific intent required for the crime of burglary; the proof of that specific intent must have been sufficiently in dispute to warrant a conviction of criminal entry alone. See *Amin v. State*, 694 P.2d 119, 123 (Wyo.1985).

The evidence appellant asserts as sufficient to satisfy parts (3) and (4) centers on the fact that he had been drinking the evening of the burglary. Judy Shaffer testified that when appellant showed up at her house at 3:00 a.m. on February 8, 1987, he brought a half pint of peppermint schnapps with him, and he told her he had just left the bar. She remembered appellant and Jerry Ellis sitting at her kitchen table and drinking from about 3:00 a.m. until 5:00 a.m. She had none of the schnapps herself. Ms. Shaffer also testified that she was unsure how much of the bottle each of the two men drank, but she did remember that they took it along with them when they got into the car. She stated she did not think they drank the whole bottle. When asked if appellant acted like he was intoxicated, Ms. Shaffer described appellant as "jittery" and she agreed that he

seemed confused and mad that evening. When defense counsel asked her if it was her testimony that appellant was under the influence of alcohol that morning, she agreed. However, she did not recall seeing appellant stagger or that she could not have a conversation with him. Wanda Junkins, the convenience store clerk who was working when appellant, Ellis and Shaffer got gas early in the morning on February 8, 1987, also testified that appellant did not stagger or slur his speech when she saw him that evening. Ms. Shaffer also testified that she did remember Jerry Ellis being drunk after drinking some of the schnapps. When the car was searched later, the police did find a half pint schnapps bottle, but there is no testimony in the record indicating any amount of schnapps being in the bottle when it was seized.

Based on this evidence, the trial court decided that it would be proper to give the jury an instruction that explained how self-induced intoxication is not an excuse for the commission of crime, but could be considered to determine whether appellant was capable of forming the specific intent necessary to steal or deprive a person of their property. W.S. 6–1–202(a) (June 1983 Repl.); and *Naugher v. State*, 685 P.2d 37, 41–42 (Wyo.1984). Neither party objected to the giving of that instruction; consequently, it became the law of the case. *Sanchez v. State*, 751 P.2d 1300, 1308 (Wyo.1988). We must view the evidence of drinking described above in a light most favorable to appellant because he is contending that an instruction he requested should have been given. *Stapleman v. State*, 680 P.2d 73, 75 (Wyo.1984). Considering that standard in conjunction with the intoxication instruction the trial court gave, we hold that parts (3) and (4) of the *Chapman* test are met in this case. Appellant was entitled to an instruction on the lesser-included offense of criminal entry, and the trial court's failure to give it was reversible error.

Reversed and remanded for a new trial.