974 F.2d 1345
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Patrick E. EATHERTON, Petitioner-Appellant,
v.
Duane SHILLINGER; Attorney General of the State of Wyoming,
Respondents-Appellees.
 No. 92-8017.
 United States Court of Appeals, Tenth Circuit.
 Aug. 18, 1992.
 
 Before SEYMOUR, STEPHEN H. ANDERSON and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Patrick Eatherton appeals the district court's refusal to grant his petition for a writ of habeas corpus. He argues that his Wyoming conviction for burglary was obtained in violation of the double jeopardy clause of the Fifth Amendment to the Constitution, as construed in Grady v. Corbin, 110 S.Ct. 2084 (1990). After granting Mr. Eatherton's motion to proceed in forma pauperis, we disagree and affirm.
 
 
 3
 Mr. Eatherton was convicted of burglary and simultaneously acquitted of larceny. His burglary conviction was reversed on appeal and remanded for a new trial. See Eatherton v. State, 761 P.2d 91 (Wyo.1988). In the prosecution for burglary that followed, the government introduced evidence of larcenous intent that it had employed in its prior prosecution for larceny. Mr. Eatherton maintains that the use of this evidence violated the double jeopardy clause.
 
 
 4
 On appeal, Mr. Eatherton also argues that his due process rights were violated by the refusal of the trial court to allow him to present evidence of his prior acquittal of larceny. We will not consider this claim "as [it was] not presented to the district court in the petition for writ of habeas corpus or in the petitioner's district court brief." Hopkinson v. Shillinger, 866 F.2d 1185, 1217 (10th Cir.1989), cert. denied, 110 S.Ct. 3256 (1990).
 
 
 5
 After reviewing the briefs and record in this case, we affirm on the double jeopardy issue for substantially the reasons stated in the district court opinion.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3