2012 WY 18

**Roger Lee SNOW, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. S–11–0031.**

Supreme Court of Wyoming.

Feb. 9, 2012.

Representing Appellant: Gregory J. Blenkinsop, Senior Assistant Public Defender and Elisabeth M.W. Trefonas, Assistant Public Defender, Jackson, WY. Argument by Ms. Trefonas.

Representing Appellee: Gregory A. Phillips, Wyoming Attorney General; Terry L. Armitage, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Stewart M. Young, Faculty Director, Prosecution Assistance Program; Joshua Beau Taylor, Student Director; and Bret Engstrom, Student Intern. Argument by Mr. Engstrom.

Before KITE, C.J., and GOLDEN, HILL, VOIGT, and BURKE, JJ.

HILL, Justice.

[¶ 1]   After being convicted of felony burglary and a related misdemeanor, appellant Roger Lee Snow (Snow) appeals his conviction, contending that the district court erred when it denied his request for a new attorney and that he received ineffective assistance of counsel. We affirm.

## ISSUES

[¶ 2]   Snow presents the following two issues:

1. Whether the district court failed to properly inquire as to whether [Snow] wanted and had grounds to terminate appointed counsel, and whether [Snow] was given an improper choice between having appointed or retained counsel.

2. Whether [Snow's] trial counsel was ineffective, when he failed to present a lesser-included offense instruction to the jury, and when that lesser-included offense was supported by evidence and would have been accepted by the district court.

## FACTS

[¶ 3]   In 2009, Snow and George Urbanek moved to Sheridan, Wyoming, in search of employment.   Carl and Linda Lee permitted them to stay at their home, and in late October of 2009, Linda offered the men yard work at the metal shop where she was employed, as well as access to her car for personal use.

[¶ 4]   Near the end of December of 2009, Linda received a phone call from her bank about suspicious activity on her account.   After looking at a bank-provided surveillance photo from an ATM, Linda identified the individual in the photo as Snow. A total of $780.00 had been withdrawn from her account.

[¶ 5]   The State arrested and formally charged Snow with burglary in violation of Wyo. Stat. Ann. § 6–3–301(a) (LexisNexis 2011) and unlawful use of a credit card, in violation of Wyo. Stat. Ann. § 6–3–802(a)(i)(b)(i) (LexisNexis 2011).   As his court-appointed attorney prepared for trial, Snow sent a letter to the district court requesting substitute counsel.   He indicated dissatisfaction with his attorney, stating that he felt the attorney was not representing him to the best of his abilities, always had a "pessimistic attitude," and encouraged Snow to "take a deal."   Snow also believed his attorney-client privilege had been violated.

[¶ 6]   Eventually, a hearing occurred to address Snow's allegations against his attorney.   At the end of the hearing, Snow said that he wished to proceed with counsel and did not need an opportunity to retain a different lawyer.   He also indicated that he had no further issues to address.

[¶ 7]   A jury convicted Snow on both counts.   The court sentenced Snow to four to seven years on the burglary charge, and six months on the misdemeanor, to be served concurrently.   This appeal followed.

## DISCUSSION

[¶ 8]   Snow first claims on appeal that the district court committed two prejudicial errors during his status hearing—that the court did not provide an option for him to proceed *pro se*, and that the court should have inquired further into his allegations concerning the quality of counsel's representation.

[¶ 9]   When the district court formally inquires as to the reasons for a defendant's dissatisfaction, the decision to continue with appointed counsel is within the court's discretion, subject only to a review for abuse of discretion. *Allen v. State*, 2002 WY 48, ¶ 27, 43 P.3d 551, 560–61 (Wyo.2002).   Where it is found that the "district court did not properly address [a defendant's request] to substitute counsel, he must demonstrate that the error was prejudicial to his case." *Strickland v. State*, 2004 WY 91, ¶ 28, 94 P.3d 1034, 1048 (Wyo.2004) (citations omitted).

[¶ 10]   We have said before that the right to effective assistance of counsel does not necessarily guarantee a meaningful relationship with appointed counsel. *Allen*, ¶ 27, 43 P.3d at 560–61.   A defendant does not have the right to "appointed counsel of his choice nor to counsel who would blindly follow his instructions." *Id.* at 561.   Where a criminal defendant raises concerns about the effectiveness of his counsel, a "district court has a duty to make some formal inquiry into, or engage the defendant in a colloquy regarding, the defendant's reasons for dissatisfaction with his appointed counsel[.]" *Id.* ¶ 32, 43 P.3d at 562; *Strickland*, ¶ 28, 94 P.3d at 1048.   Such an inquiry promotes "confidence in the integrity of the process." *Allen*, ¶ 32, 43 P.3d at 562.   This Court has stated,

A factual showing of good cause for the appointment of substitute counsel is essen-

tial to the demonstration of an abuse of discretion, and good cause is to be found in incompetence, commitment to a position or an interest which would conflict with the furnishing of an effective defense to the accused, or other good reason to conclude that appointed counsel is unable to furnish effective assistance.

*Strickland,* ¶ 26, 94 P.3d at 1047 (citations omitted).

[¶ 11] Here, Snow was appointed trial counsel from the public defender's office. Approximately one week prior to trial, Snow sent a letter to the district court that alleged "attorney-client privilege has been violated," and that "my counsel has not represented me to the fullest extent of the law and/or his capabilities." The court held a status hearing two days later to address the matter, where it first asked the attorney if he had received a copy of Snow's letter, and if he had the opportunity to visit with his client with respect to it. The attorney responded as follows:

> I believe there was just a misunderstanding between Mr. Snow and I. Because I did visit with him on Monday and then he wrote the letter afterward and I said why didn't you bring this up to me Monday. We did visit. I think everything is fine. I am ready to go to trial and I have already started preparing.

The court then advised Snow that he had the right to counsel, and if he could not afford counsel, one would be appointed. The court also advised Snow that he had the right to waive counsel and to move forward *pro se,* and finally stated that if Snow "would like a different lawyer, do you understand it is your responsibility and obligation to retain that different lawyer? Would you like an opportunity to retain a different lawyer?" Snow responded, "No."

[¶ 12] Although the discussion was brief, we conclude that the district court met its obligation to inquire about Snows request for substitute counsel. *Allen,* ¶ 32, 43 P.3d at 562; *Strickland,* ¶ 28, 94 P.3d at 1048. From the record, we can clearly identify that the district court focused on Snow's letter requesting substitute counsel. While Snow only said two basic phrases—"Yes, Sir." and

"No, Sir,"—during the hearing, he was advised that he could represent himself *or* retain new counsel, and indicated to the court that he did not wish to retain another attorney. Snow was provided an opportunity to address the court about any continuing concerns with his counsel at that time, and he declined to do so.

[¶ 13] Accordingly, we conclude that Snow has not demonstrated that the district court did not properly address his desire for substitute counsel and, therefore, the district court did not abuse its discretion.

[¶ 14] Turning to Snow's second and final issue, Snow contends on appeal that trial counsel was ineffective. We apply the following standard of review to an ineffective assistance of counsel claim:

> [An appellant] bears the burden of proving that his trial counsel was ineffective. In addition, he must demonstrate the existence of a reasonable probability that, absent the deficiency in counsel's performance, the result of the proceedings would have been different. Failure to make the required showing of either deficient performance or sufficient prejudice defeats an ineffectiveness claim. These inquiries involve mixed questions of law and fact. Our review, therefore, is de novo.

> When reviewing a claim of ineffective assistance of counsel, the paramount determination is whether, in light of all the circumstances, trial counsel's acts or omissions were outside the wide range of professionally competent assistance. We indulge a strong presumption that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Under the two-prong standard articulated in *Strickland,* to warrant reversal on a claim of ineffective assistance of counsel, an appellant must demonstrate that his counsel failed to render such assistance as would have been offered by a reasonably competent attorney and that counsel's deficiency prejudiced the defense of the case. "The benchmark for judging any claim of ineffectiveness must be whether counsel's

conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."

We do not evaluate counsel's efforts in hindsight, but attempt to "reconstruct the circumstances surrounding the challenged conduct and evaluate the professional efforts from the perspective of counsel at the time." In evaluating counsel's performance, we determine whether his actions could be considered sound trial strategy. *Robison v. State,* 2011 WY 4, ¶ 7, 246 P.3d 259, 262–263 (Wyo.2011) (citations omitted).

[¶ 15] Snow argues specifically that his trial attorney had a duty to present to the jury the lesser-included offense instruction of "criminal entry." However, upon our review of the record, it appears that defense counsel's trial strategy was to defend the burglary, not by saying that Snow did not have the intent to commit larceny when he entered the office, but by contending that he had authority to enter the office. If the jury had accepted that argument, Snow would have been guilty of neither burglary nor criminal entry. Thus, it was not ineffective assistance of counsel to not offer the lesser-included offense instruction on criminal entry because the lesser included offense instruction would have been contrary to the theory of defense. To present such an instruction there must be some "minimal evidentiary support," and the district court must determine if the evidence presented meets the statutory elements of the lesser-included offense and instruction. *Dean v. State,* 2003 WY 128, ¶ 12, 77 P.3d 692, 696 (Wyo.2003). A lesser-included offense is "characterized as occurring when all of the elements within the claimed lesser offense are found in the greater offense." *Id.* Furthermore, this Court has adopted the following five-part test as the standard for instructing juries on lesser-included offenses:

(1) a proper request [for the instruction] is made; (2) the elements of the lesser-included offense are identical to part of the elements of the greater offense; (3) there is some evidence that would justify conviction of the lesser-included offense; (4) the proof on the element or elements differen-

tiating the two crimes is sufficiently in dispute so that the jury may consistently find the defendant innocent of the greater and guilty of the lesser-included offense; and (5) mutuality exists such that the lesser-included charge can be demanded by either the prosecution or the defense.

*Eatherton v. State,* 761 P.2d 91, 94–95 (Wyo. 1988). A trial court commits reversible error only if all five parts of the test are met and the instruction is not given. *Id.*

[¶ 16] Although Snows argument focuses on *Eatherton,* we view his argument as a red herring of sorts. He attempts to raise an allegation of ineffective assistance of counsel for his trial counsel essentially failing to argue the intent element. Had trial counsel done so, the instruction would have been available. But the record shows that trial counsels strategy was whole, and that counsel purposely omitted the intent element. In fact, he argued the opposite. Counsel stated at trial, "[Snow] took the card, went to use it, and that is what he did. Our concern is whether or not that was a burglary" since "there was some indirect authority" to enter the shop. In a burglary case, if there is no factual dispute as to the element of intent to commit larceny or a felony, then a lesser-included offense instruction for criminal entry is improper. *See Collins v. State,* 854 P.2d 688, 698 (Wyo.1993).

[¶ 17] Snow has failed to show that he was entitled to a lesser-included offense instruction, or that his attorneys failure to request such an instruction so prejudiced him as to require reversal.

## CONCLUSION

[¶ 18] After consideration of both issues on appeal, this Court concludes that Snow has not demonstrated that the district court failed to properly address his desire for substitute counsel, and accordingly did not abuse its discretion. Furthermore, by not requesting a lesser-included offense instruction, counsel was not ineffective. Affirmed.