# IN THE SUPREME COURT, STATE OF WYOMING

## 2017 WY 61

APRIL TERM, A.D. 2017

May 24, 2017

DARRIN LEE STARR,

Appellant
(Defendant),

v.

THE STATE OF WYOMING,

Appellee
(Plaintiff).

DARRIN LEE STARR,

Appellant
(Defendant),

v.

THE STATE OF WYOMING,

Appellee
(Plaintiff).

S-16-0018, S-16-0200

*Appeal from the District Court of Laramie County*
*The Honorable Steven K. Sharpe, Judge*

*Representing Appellant:*
Office of the State Public Defender: Diane Lozano, State Public Defender, and Tina N. Olson, Chief Appellate Counsel. Argument by Ms. Olson.

*Representing Appellee:*

Peter K. Michael, Wyoming Attorney General; David L. Delicath, Deputy Attorney General; Joshua C. Eames, Assistant Attorney General; Darrell D. Jackson, Faculty Director, Prosecution Assistance Program; K. T. Farrelly, Student Director; and Morgan K. McIlrath, Student Intern. Argument by Mr. McIlrath.

*Before BURKE, C.J., and HILL, DAVIS, FOX, and KAUTZ, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**HILL,** Justice.

[¶1]    A jury convicted Darrin Lee Starr of aggravated assault and battery after he hit Sam Trujillo with his vehicle.  On appeal, Mr. Starr argues that his conviction should be reversed due to the ineffective assistance of counsel he received at trial.  We affirm.

## ISSUE

[¶2]    Mr. Starr presents one issue for our review:

> Trial counsel was ineffective in failing to request either an accident or defense of others jury instruction.

## STANDARD OF REVIEW

[¶3]    "Claims of ineffective assistance of counsel involve mixed questions of law and fact and are reviewed *de novo*."  *Mraz v. State*, 2016 WY 85, ¶ 42, 378 P.3d 280, 290-291 (Wyo. 2016) (other citations omitted).

[¶4]    Based on our adoption of the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984), the defendant must prove both that counsel's performance was deficient, and that the defendant was prejudiced by the deficient performance.  *Mraz,* ¶ 43, 378 P.3d at 291, *quoting Galbreath v. State*, 2015 WY 49, ¶ 4, 346 P.3d 16, 18 (Wyo. 2015).  As we have cautioned, the defendant bears a heavy burden:

> When reviewing a claim of ineffective assistance of counsel, the paramount determination is whether, in light of all the circumstances, trial counsel's acts or omissions were outside the wide range of professionally competent assistance.  We indulge a strong presumption that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.  Under the two-prong standard articulated in *Strickland*, to warrant reversal on a claim of ineffective assistance of counsel, an appellant must demonstrate that his counsel failed to render such assistance as would have been offered by a reasonably competent attorney and that counsel's deficiency prejudiced the defense of the case. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."

*Luftig v. State*, 2010 WY 43, ¶ 17, 228 P.3d 857, 864 (Wyo. 2010) (quoting *Dettloff v. State*, 2007 WY 29, ¶ 18, 152 P.3d 376, 382 (Wyo. 2007) (internal citations omitted)).

[¶5]   Also,

> We do not evaluate counsel's efforts in hindsight, but attempt to "reconstruct the circumstances surrounding the challenged conduct and evaluate the professional efforts from the perspective of counsel at the time." *Sincock v. State*, 2003 WY 115, ¶ 35, 76 P.3d 323, 336 (Wyo.2003). In evaluating counsel's performance, we determine whether his actions could be considered sound trial strategy. *Id.*

*Luftig*, ¶ 18, 228 P.3d at 865.

## FACTS

[¶6]   On July 4, 2014, Darrin Starr went with his girlfriend, Sidney Montoya, to her family's 4th of July party in Cheyenne. The party was hosted by Sidney's sister and her husband, Sam and Julie Trujillo, and attended by many other family members, including another sister, Phyllis Carrera. Well into the party, the fireworks began when Sidney began arguing with her sister Phyllis, and eventually, Mr. Starr and Sidney were ushered to their car by their other sister, Julie. On their way to the car, Mr. Starr shoved Julie, whereupon Ms. Trujillo's sons jumped into the fray and one or both of them began hitting Mr. Starr through his open car window. Sam Trujillo, Julie's husband, walked over toward the argument. At this time, Mr. Starr began driving erratically around, accidentally hitting a fence, backing up suddenly, and hitting Sidney's cousin with the rearview mirror. Mr. Starr sped around the parking lot and on his second or third pass, Mr. Starr hit Sam Trujillo with his car. Mr. Starr then drove to a King Soopers parking lot where he left his car and called his nephew to pick him up.

[¶7]   On December 10, 2014, the State charged Mr. Starr with aggravated assault and battery, bodily injury with a weapon. Before trial, both parties proposed a variety of jury instructions on self-defense and defense of others. Trial began, and on the second day, Mr. Starr moved for a judgment of acquittal. Mr. Starr argued that the State had not proven the "knowingly" or "intentional" element of the charge. The district court denied Mr. Starr's motion.

[¶8]   During his testimony at trial, Mr. Starr said he did not hit the victim "on purpose." His attorney reiterated that testimony in closing:

> This is a man who is terrified. This is a man who is afraid. This is not a man who was driving around with awareness, intention, or deliberateness to hit anybody. He's trying to get away. They wouldn't let him. They kept harassing him.

After closing argument, counsel met with Judge Sharpe in an off-the-record jury instructions conference. During that conference, defense counsel "indicated that he would not be requesting that the court provide jury instructions for either defense of others or self-defense … but rather his client's position was that this was an accident." True to his word, defense counsel did not object to the court's proposed jury instructions at the formal conference. Those instructions did not include a defense of others instruction, nor any instructions regarding accident. What the court's proposed instructions did include were the elements of aggravated assault and battery and a definition of "knowingly."

[¶9]   The jury found Mr. Starr guilty of one count of aggravated assault, and the court sentenced him to two to four years in prison. This appeal followed. Before briefing on this appeal, Mr. Starr filed a motion for a new trial on the grounds that his trial counsel was ineffective, as permitted by Rule 21 of the Wyoming Rules of Appellate Procedure. The district court held a hearing and subsequently denied Mr. Starr's motion. His appeal to this Court followed.

## DISCUSSION

[¶10] Mr. Starr contends that his trial attorney was ineffective because he failed to request either an accident instruction or a defense of others instruction. We disagree and explain below.

### *Defense of Others*

[¶11]  Mr. Starr argues that his trial counsel should have proposed a defense of others jury instruction. A criminal defendant is entitled to have the jury instructed on a defense theory if a timely submission is made of an instruction that correctly states the law and is supported by the evidence. *Bouwkamp v. State*, 833 P.2d 486, 490 (Wyo. 1992). We recognized the common-law defense of "defense of others" decades ago in *Leeper v. State*, 589 P.2d 379, 383 (Wyo. 1979):

> One asserting the justification of defense of another steps into the position of the person defended. Defense of another takes its form and content from defense of self. The defender is not justified in using force unless he or she reasonably believes the person defended is in immediate

danger of unlawful bodily harm, and that the force is reasonable and necessary to prevent that threat.

[¶12] We can easily dispose of Starr's claim regarding counsel's failure to seek a defense of others instruction. First, there was no evidence to show that *any* "immediate danger of unlawful bodily harm" existed, nor was there any evidence to show that the victim, Sam Trujillo, was hit by Mr. Starr's vehicle to prevent any threat to Sidney Montoya. Second, defense of others was not trial counsel's strategy at trial. Rather, trial counsel's strategy at trial was that Mr. Starr's actions were an accident. Trial counsel argued in closing: "[t]his is not a man who was driving around with awareness, intention, or deliberateness to hit anybody." Even the district court in its order denying Mr. Starr's Motion Claiming Ineffective Assistance of Trial Counsel, recognized the "inherent conflict or tension" between the "accident" defense chosen by counsel, and the "defense of others" theory advance by Mr. Starr's appellate counsel. At the hearing on that motion, trial counsel testified that he purposefully chose the accident defense because it was consistent with Starr's testimony – whereas the "defense of others" instruction was not.

[¶13] Similarly, this Court has held before that trial counsel was not ineffective in failing to submit a lesser included instruction, when such an instruction would have been inconsistent with his theory of defense. *See Snow v. State*, 2012 WY 18, ¶¶ 15-16, 270 P.3d 656, 661 (Wyo. 2012). Indeed, a defense attorney's "tactical decision to forego an instruction which is inconsistent with the theory of his defense does not constitute ineffective assistance of counsel." *Bloomquist v. State*, 914 P.2d 812, 822 (Wyo. 1996).

## *Accident Instruction*

[¶14] Regarding the lack of an accident instruction, we can also dispose of Mr. Starr's argument here. Mr. Starr argues here that because his trial counsel's theory of defense at trial was "accident," that trial counsel should have requested an instruction that discussed "accident" as a defense. Though Mr. Starr's appellate counsel did not include this argument in her written Rule 21 motion, she orally argued in its support at the Rule 21 motion hearing. Under Rule 21, "[a]ny claims of ineffectiveness not made *in the motion* shall not be considered by the trial court unless the trial court determines that the interests of justice or judicial efficiency require the consideration of issues not specifically indicated in the motion." W.R.A.P. 21(a) (emphasis added). The district court concluded that appellate counsel's decision not to include this argument in her written motion was fatal, despite having access to the entire trial record at hand, precluded it from considering this argument for the first time at hearing. Accordingly, this Court is also precluded from considering this argument on appeal.

4

## CONCLUSION

[¶15]  We conclude that Mr. Starr's defense counsel was not ineffective.  The district court is affirmed.